IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Petitioner,<br><br>vs.<br><br>MONTANA BOARD OF PARDONS AND PAROLE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-42-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 23, 2020, Petitioner Wayne A. Hussar filed this action under 28 U.S.C. § 2254.[1] Hussar is a state prisoner proceeding pro se. For the reasons set forth below, Hussar's petition should be dismissed.

**28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Hussar's claims are unexhausted, his petition should be dismissed without prejudice.

I. **Procedural History/Hussar's Claims**

January 2, 2018, Hussar was convicted and sentenced for Felony Assault on a Peace Officer and misdemeanor Partner Family Member Assault (PFMA). Hussar challenged that conviction and sentence, as well as a corresponding revocation matter, in a prior habeas petition before this Court. See, *Hussar v. Green*, Cause No. CV-19-64-H-DLC-JTJ, Pet. (filed Sept. 19, 2019). Hussar remains incarcerated at the Dawson County Correctional Facility, but following an appearance before the Montana Board of Pardons and Parole in December of 2019, Hussar was granted parole, subject to various conditions. See generally, (Doc. 1.) These conditions include:

> Parole upon completion of T4C[2] and parenting programming to a DOC approved plan that must include Interstate Compact only. May do CD relapse in community; must comply with conditions of receiving state; Reg CDC counseling aftercare; Reg. Mental Health Counseling aftercare as deemed appropriate; Comply with court ordered conditions; Restricted from entering any place where gambling takes place; Shall not enter any place where intoxicants are the chief item of sale; Restricted from participating in any medical marijuana program; employment within 30 days of release.

---

[2] T4C is apparently the "Thinking for Change" program. See e.g., (Doc. 1 at 2.)

See, Montana Board of Pardons and Parole, Final Board Dispositions, December 2019.[3]

Hussar apparently takes issue with several of the parole conditions. He asserts he should be able to complete the Thinking 4 Change and parenting classes in the community following his release. (Doc. 1 at 2.) Likewise, Hussar believes he should not have to complete the Interstate Compact requirements, but instead should be released to "straight parole." *Id.* Hussar also contends he should be able to: bear firearms, consume alcohol, ingest marijuana due to reconstructive surgeries on his leg and feet. *Id.* at 3. Hussar states he not be required to obtain employment due to his physical difficulties. *Id.* Hussar also seeks airfare to Tallahassee, Florida, and travel funds. *Id.*

## II.   Analysis

Hussar's petition suffers from several defects. As Hussar is aware, this Court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As Hussar's petition stands, he has failed to identify a federal constitutional violation. But assuming Hussar could potentially identify a

---

[3] Available at: https://bopp.mt.gov/dispositions/final_board_dispositions_fy2012 (accessed May 7, 2020).

cognizable claim, the current petition still fails.

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Hussar has been previously advised of this requirement. See e.g., *Hussar v. Salmonsen*, Cause No. CV-18-49-H-DLC-JTJ, Find. and Rec. at 4-5 (filed Aug. 1, 2018).

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to

give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has not considered any federal constitutional claim Hussar may attempt to advance. Before Hussar can file a federal habeas petition challenging his parole conditions, he must give the state courts one full opportunity to review such claims. *O'Sullivan*, 526 U.S. at 845. Because Hussar has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Hussar to return to this Court if and when he fully exhausts the claims relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

5

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Hussar has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Hussar's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Hussar may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Hussar must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of May, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Hussar is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.