IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED

JUN 09 2020

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| WAYNE A. HUSSAR, II, <br><br> Petitioner, <br><br> vs. <br><br> MONTANA BOARD OF PARDONS AND PAROLE; ATTORNEY GENERAL OF THE STATE OF MONTANA, <br><br> Respondents. | CV 20–42–H–DLC–JTJ <br><br> ORDER |

United States Magistrate Judge John T. Johnston issued his Findings and Recommendations in this case on May 7, 2020, recommending that the Court dismiss Petitioner Wayne A. Hussar, II's petition for writ of habeas corpus for failure to state a claim cognizable in federal habeas and for failure to exhaust state remedies. (Doc. 2.) Hussar failed to timely object to the Findings and Recommendations, and so waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake

-1-

has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Johnston determined that Hussar cannot proceed on his habeas petition because: (1) Hussar has not alleged that "he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a); and (2) even if he had, he has not "exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A). The Court finds no clear error in Judge Johnston's analysis. Not only does Hussar fail to allege a federal claim in his challenge to state conditions of parole, but he has not given the state court the chance to consider his claims in the first instance.

The Court finds no clear error in the remaining portions of Judge Johnston's Findings and Recommendation. The Court does not find that "jurists of reason could disagree with [its] resolution of [Hussar's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 357 U.S. 322, 327 (2003). "[J]urists of reason would [not] find it debatable whether" Hussar may bring unexhausted claims in his § 2254 petition. Thus, the Court adopts Judge Johnston's recommendation to deny a certificate of appealability.

Accordingly, IT IS ORDERED:

(1) Judge Johnston's Findings and Recommendations (Doc. 2) is ADOPTED;

(2) Hussar's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment in favor of Respondents and against Petitioner.

DATED this 9th day of June, 2020.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court

-3-